[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11786
Non-Argument Calendar

_____

BIA No. A97-660-676

JOSE JULIAN ASTAIZA LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 15, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jose Julian Astaiza Lopez seeks review of the BIA's decision affirming

without opinion the IJ's order finding him removable and denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.

When the BIA adopts the IJ's decision, we review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). In order to reverse the IJ's decision, we "must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may be granted asylum if he proves that he is a "refugee." INA § 208(a)(1), (b)(1), 8 U.S.C. § 1158(a)(1), (b)(1). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To prove refugee status, the alien must establish (1) his past persecution on account of a protected ground, or (2) his "well-founded fear" of future persecution on account of a protected ground. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287.

2

If the alien provides credible evidence of past persecution, the IJ must specify whether the evidence presented constitutes past persecution. Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1265 (11th Cir. 2004) (considering withholding of removal claim). If the IJ finds that the alien established past persecution, a presumption of persecution arises, which the government can rebut by showing that the country's conditions have changed or that internal relocation is reasonably possible. 8 C.F.R. § 208.13(b). If the IJ finds that the alien has not established past persecution, the alien must show a well-founded, or "subjectively genuine and objectively reasonable," fear of future persecution. 8 C.F.R. § 208.13(b)(2); Al Najjar, 257 F.3d at 1289.

The alien may also seek withholding of removal and CAT relief if he can prove that future persecution or torture would occur "more likely than not." See INA § 241, 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c); Mendoza, 327 F.3d at 1287; Al Najjar, 257 F.3d at 1303. However, ineligibility for asylum generally precludes eligibility for withholding of removal or CAT relief, as the standard for the former is easier to meet than the standard for the latter. Al Najjar, 257 F.3d at 1292-93, 1303-04.

The IJ rejected Astaiza Lopez's scant claim that it was his job with the ministry of environment that caused FARC's threats, finding instead that it was

Astaiza Lopez's father's position that caused the threats.[1]  Because a job is not one of the protected grounds for asylum, the IJ did not err when it determined that Astaiza Lopez failed to show past persecution.  Substantial evidence also supports the conclusion that Astaiza Lopez failed to show a well-founded fear of future persecution. As we have discussed, the past acts of the FARC against him did not constitute persecution. In addition, Astaiza Lopez's family members who remain in Colombia–including his father, mother, and siblings–have not been harmed by the FARC. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (noting that an alien did not establish a well-founded fear of future persecution when his family continued to live unharmed in his country of removal). Therefore, the evidence does not compel the conclusion that Astaiza Lopez is eligible for asylum. Because he has failed to demonstrate that he is eligible for asylum, he also has failed to meet the higher burden of proof required for withholding of removal. See Al Najjar, 257 F.3d at 1292-93.

**AFFIRMED**

---

[1]  On appeal, Astaiza Lopez argues that it was his imputed political opinion by the FARC that caused the threats because of his involvement with the People's Movement and claim that his friend Phillipe was kidnaped and killed.   Because we cannot consider evidence that is outside of the administrative record, we do not consider Astaiza Lopez's new argument. See 8 U.S.C. § 1252(b)(4)(A) (explaining that we may decide petition "only on the administrative record on which the order of removal is based").